IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANS VIDEO ELECTRONICS, LTD. , Plaintiff, | ) | |
| v. | ) | C.A. No. 12-1741 (LPS) |
| VUDU, INC., Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF VUDU, INC.**
**TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant VUDU, Inc. ("VUDU") answers plaintiff Trans Video Electronics, Ltd.'s ("Trans Video") Complaint as follows:

## NATURE OF THE ACTION

1. VUDU admits that the face of U.S. Patent No. 5,594,936 ("'936 patent") is entitled "Global Digital Video News Distribution System." VUDU admits that a copy of the '936 patent was attached to the Complaint as Exhibit A. VUDU admits that the face of U.S. Patent No. 5,991,801 ("'801 patent") is entitled "Global Digital Video News Distribution System." VUDU admits that a copy of the '801 patent was attached to the Complaint as Exhibit B. VUDU denies that it infringed, contributed to the infringement of, or induced others to infringe the '936 patent. VUDU also denies that that it infringed, contributed to the infringement of, or induced others to infringe the '801 patent. VUDU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies them.

## PARTIES

2. VUDU is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies these allegations.

3. VUDU is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies these allegations.

4. VUDU admits that VUDU, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2980 Bowers Avenue, Santa Clara, California 95051.

## JURISDICTION AND VENUE

5. VUDU admits that Trans Video purports to bring this action under the patent laws of the United States and that the Complaint alleges patent infringement under 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. VUDU further admits that the United States District Court for the District of Delaware has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

6. VUDU denies that it has committed or continues to commit any acts of patent infringement in this or any other district, and therefore denies that VUDU is subject to this Court's specific and general personal jurisdiction based on the alleged acts of infringement. VUDU denies any and all remaining allegations of paragraph 6.

7. VUDU denies that it has committed or continues to commit any acts of patent infringement of the patents-in-suit in this jurisdiction or elsewhere. VUDU further denies any and all remaining allegations of paragraph 7.

8. VUDU denies that venue is proper or convenient in this judicial district.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 5,594,936

9. VUDU hereby reiterates and incorporates by reference the responses and denials set forth in paragraphs 1-8 above.

10. VUDU denies that the ’936 patent was duly and legally issued. VUDU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore denies them.

11. VUDU denies the allegations set forth in paragraph 11 of the Complaint.

12. VUDU denies the allegations set forth in paragraph 12 of the Complaint.

13. VUDU denies the allegations set forth in paragraph 13 of the Complaint.

14. VUDU denies the allegations set forth in paragraph 14 of the Complaint.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 5,991,801

15. VUDU hereby reiterates and incorporates by reference the responses and denials set forth in paragraphs 1-14 above.

16. VUDU denies that the ’801 patent was duly and legally issued. VUDU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies them.

17. VUDU denies the allegations set forth in paragraph 17 of the Complaint.

18. VUDU denies the allegations set forth in paragraph 18 of the Complaint.

19. VUDU denies the allegations set forth in paragraph 19 of the Complaint.

20. VUDU denies the allegations set forth in paragraph 20 of the Complaint.

## JURY DEMAND

21. Plaintiff's demand for a trial by jury on all issues does not state any allegations and VUDU is not required to respond.

## TRANS VIDEO'S PRAYER FOR RELIEF

VUDU hereby reiterates and incorporates by reference the responses and denials set forth in paragraphs 1-21 above. VUDU denies that Trans Video is entitled to any relief sought in Trans Video's Prayer for Relief against VUDU.

## AFFIRMATIVE DEFENSES

Subject to the responses above, VUDU alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, VUDU specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
**(NON-INFRINGEMENT)**

22. VUDU has not infringed and is not infringing, has not induced and is not inducing others to infringe, has not contributed and is not contributing to the infringement of any valid and enforceable claim of the '936 patent or the '801 patent either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(INVALIDITY)**

23. The claims of the '936 patent and the '801 patent are invalid and/or unpatentable because they do not comply with one or more of the requirements of Sections 101, 102, 103, 112, 132, 251 of Title 35 of the United States Code.

**THIRD AFFIRMATIVE DEFENSE**
**(ESTOPPEL, WAIVER, ACQUIESCENCE, UNCLEAN HANDS AND/OR LACHES)**

24. Trans Video's claims are barred, in whole or in part, by the doctrine of estoppel, waiver, acquiescence, unclean hands, and/or laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(LIMITATION OF DAMAGES UNDER 35 U.S.C. §§ 286)**

25. Trans Video's right to seek damages and costs is limited by statute, including without limitation, by 35 U.S.C. § 286.

**FIFTH AFFIRMATIVE DEFENSE**
**(LIMITATION OF DAMAGES UNDER 28 U.S.C. §§ 1498)**

26. If Trans Video is entitled to any relief for alleged infringement of the patents in suit, some or all of that relief is limited under 28 U.S.C. § 1498.

**SIXTH AFFIRMATIVE DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL)**

27. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the application that ultimately issued as the patent-in-suit and/or the application(s) to which the patent-in-suit claim priority, Trans Video is precluded or otherwise estopped from asserting any construction of the claims of the patents-in-suit to cover any VUDU product, system, or process, either literally or under the doctrine of equivalents.

## SEVENTH AFFIRMATIVE DEFENSE
**(EXHAUSTION, IMPLIED LICENSE, AND/OR RESTRICTIONS ON DOUBLE RECOVERY)**

28. Trans Video's claims are barred, in whole or in part, by exhaustion, implied license, and/or restrictions on double recovery.

## EIGHTH AFFIRMATIVE DEFENSE
**(LACK OF SPECIFIC INTENT)**

29. VUDU lacked and lacks the specific intent to induce third parties to infringe any valid claim of the '936 patent and the '801 patent.

## NINTH AFFIRMATIVE DEFENSE
**(LACK OF WILLFULNESS)**

30. VUDU has not infringed and does not infringe, willfully or otherwise, any asserted claims of any of the patents-in-suit, including the '936 patent and the '801 patent. Trans Video is not entitled to increased damages under 35 U.S.C. § 284.

## TENTH AFFIRMATIVE DEFENSE
**(INJUNCTIVE RELIEF NOT WARRANTED)**

31. Trans Video is not entitled to preliminary or permanent injunctive relief because (1) Trans Video is not likely to prevail on the merits; (2) Trans Video has not suffered nor will they suffer irreparable harm because of VUDU's conduct; (3) any harm to Trans Video would be outweighed by the harm to VUDU if any injunction were entered; (4) Trans Video has an adequate remedy at law even if they were to prevail in this action; and (5) public interest would not be served by an injunction.

## ELEVENTH AFFIRMATIVE DEFENSE
**(NO AWARD OF ATTORNEYS' FEES)**

32. Trans Video has failed to allege facts supporting the award of attorneys' fees under 35 U.S.C. § 285.

## TWELFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MARK)

33. On information and believe, Trans Video's claims for damages are limited and/or barred, in part or in whole, by the failure to mark, by itself or by one or more parties licensed to practice the patents-in-suit, including the '936 patent and '801 patent, as required by 35 U.S.C. § 287.

## RESERVATION OF ADDITIONAL DEFENSES

34. VUDU reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, VUDU prays for judgment as follows:

a. A judgment dismissing with prejudice Trans Video's Complaint against VUDU;

b. A declaration that this case is exceptional and an award to VUDU of their reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

c. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, VUDU respectfully demands a jury trial of all issues triable to a jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
*Attorneys for VUDU, Inc.*

OF COUNSEL:

Bijal V. Vakil
Shamita D. Etienne-Cummings
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA 94306
(650) 213-0300

May 31, 2013
7237444